```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
```

|   |   |   |
|---|---|---|
| DUSTIN JOSEPH DAVIS, et al. | : | |
| | : | |
| v. | : | Civil Action No. DKC 22-1760 |
| | : | |
| RELIANCE TEST & TECHNOLOGY, LLC | : | |
| | : | |

**MEMORANDUM OPINION**

This employment case arises from the quickly evolving and ever-changing efforts to address the COVID pandemic. Presently pending and ready for resolution is the motion for judgment on the pleadings filed by Plaintiffs Dustin Joseph Davis ("Mr. Davis"), Stephen Gatton ("Mr. Gatton"), Buddy McBride ("Mr. McBride"), and Shane Washington ("Mr. Washington") (collectively, "Plaintiffs"). (ECF No. 30, as corrected by ECF No. 31). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion for judgment on the pleadings will be denied.

**I.  Background**

A detailed background of the facts alleged in the amended complaint is set out in a prior opinion. (ECF No. 26, at 1-8); *Davis v. Reliance Test & Tech., LLC*, No. 22-cv-1760-DKC, 2023 WL 4532833, at *1-3 (D.Md. July 13, 2023). In short, Plaintiffs were employees of Defendant Reliance Test & Technology, LLC

("Reliance"), a federal contractor. (ECF No. 12 ¶¶ 7, 14). After Reliance required its employees to be vaccinated against COVID-19 pursuant to Executive Order 14042, Plaintiffs requested a religious accommodation on the basis that receiving the COVID-19 vaccination would violate their religious beliefs. (*Id.* ¶¶ 22, 33). While Mr. Davis, Mr. Gatton, and Mr. McBride did not make formal requests for religious accommodation because they were "told there would be no religious accommodations granted and therefore a written request would waste paper[,]" Mr. Washington proceeded with a formal request which was granted by Defendant's human resources department. (*Id.* ¶¶ 33-34). On May 23, 2022, Plaintiffs were notified that failure to be vaccinated would result in termination effective May 30, 2022. (*Id.* ¶ 40). Because Plaintiffs remained unvaccinated, Plaintiffs were fired soon after. (*Id.* ¶¶ 40-41).

In response to their terminations, Plaintiffs sued Defendant, alleging violations of the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb *et seq.* (Count I) and Title VII, 42 U.S.C. § 2000e, *et seq.* (Count II). (ECF No. 12 ¶¶ 44-73). On July 13, 2023, the court granted Defendant's partial motion to dismiss Count I. (ECF No. 26). On July 27, 2023, Defendant answered the amended complaint. (ECF No. 28). On August 25, 2023, Plaintiffs filed a motion for judgment on the pleadings. (ECF No. 30). On August 29, 2023, Plaintiffs filed a corrected motion for

judgment on the pleadings. (ECF No. 31). On September 8, Defendant filed an opposition, (ECF No. 34), and on September 15, 2023, Plaintiffs replied, (ECF No. 35).

## II. Standard of Review

Rule 12(c) of the Federal Rules of Civil Procedure provides: "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard for resolving a motion pursuant to Rule 12(c) depends on the nature of the relief being sought. In some situations, the standard for a Rule 12(c) motion on the pleadings is identical to the standard for summary judgment motions. 5C Charles Alan Wright & Arthur R. Miller, et al., Federal Practice & Procedure § 1369 (3$^d$ ed. 2004) ("Both the summary judgment procedure and the motion for judgment on the pleadings are concerned with the substance of the parties' claims and defenses and are directed towards a final judgment on the merits."). "[The summary judgment] rubric is . . . appropriate where the moving party seeks affirmative relief on the basis of the pleadings and not merely a dismissal of claims brought against it." *Geoghegan v. Grant*, No. 10-cv-1137-DKC, 2011 WL 673779, at *3 (D.Md. Feb. 17, 2011). A motion for summary judgment will be granted only if there exists no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a).

3

The key distinction between a Rule 12(c) motion and a Rule 56 motion is that the court may not consider facts outside the pleadings under Rule 12(c). *Geoghegan*, 2011 WL 673779, at *3. As explained in *Trice v. Oliveri & Assocs., LLC*, No. 19-cv-3272-GLR, 2022 WL 36451, at *8 (D. Md. Jan. 4, 2022),

> In cases where a plaintiff has moved for judgment on the pleadings, courts have held that "[a] Rule 12(c) Motion requires that all pleadings – not just the Complaint – be considered, and that factual disputes in the pleadings be resolved in the non-movant's favor." *Volvo Fin. Servs. v. JRD Contracting, Inc.*, No. CV 17-0089-WS-B, 2017 WL 8941065, at *3 (S.D.Ala. July 7, 2017). Accordingly, "a plaintiff is entitled to judgment on the pleadings only where the undenied facts set forth in the complaint (considered alongside material allegations of fact in the answer) establish the defendant's liability." *Id.*; *see also Educ. Impact v. Travelers Prop. Cas. Co. of Am.*, No. 15-cv-04510-EMC, 2016 WL 1639548, at *1 (N.D.Cal. Apr. 26, 2016) ("If there are disputed facts, then the allegations of the nonmoving party are taken as true.").

Because the present motion is filed by Plaintiffs, Defendant receives the benefits of the non-moving party, and the court must assume Defendant's allegations in its answer to be true.

**III. Analysis**

Plaintiffs request the court to enter judgment in their favor with respect to Count II, in which they allege that Defendant violated Title VII by failing to accommodate their religious

4

beliefs and terminating their employment.  (ECF Nos. 12 ¶ 72; 31-1, at 10-14).

According to *Chalmers v. Tulon Co. of Richmond*, 101 F.3d 1012, 1019 (4th Cir. 1996) (internal citations omitted),

> To establish a prima facie religious accommodation claim, a plaintiff must establish that:  "(1) he or she has a bona fide religious belief that conflicts with an employment requirement; (2) he or she informed the employer of this belief; (3) he or she was disciplined for failure to comply with the conflicting employment requirement."  If the employee establishes a prima facie case, the burden then shifts to the employer to show that it could not accommodate the plaintiff's religious needs without undue hardship.

Here, Plaintiffs argue that they have sufficiently established a prima facie religious accommodation claim because it is undisputed that (1) Plaintiffs held sincere religious beliefs against COVID-19 vaccination, (ECF No. 31-1, at 12; *see also* ECF No. 12 ¶ 43);[1] (2) "[e]ach Plaintiff made a request for religious accommodation[,]" (*id.* ¶ 12) (citing ECF No. 12 ¶ 33); and (3) Defendant terminated Plaintiffs while disregarding their requested religious accommodations, (*id.* ¶¶ 20-21) (citing ECF No. 12 ¶¶ 41, 42).  Plaintiffs are incorrect.  As Defendant argues, Plaintiffs

---

[1] Plaintiffs' amended complaint is misnumbered, such that it contains two different allegations labeled as paragraph 43. (*Compare* ECF No. 12, at 10 ¶ 43, *with id.* at 11 ¶ 43).  Citations to paragraph 43 of the amended complaint in this opinion refer to paragraph 43 on page 11.

5

overlook the fact that Defendant has denied Plaintiffs' allegations in its answer. (ECF No. 34, at 9-10) (citing ECF No. 28 ¶¶ 33, 43, 69-71).[2]

In response to Defendant's assertion that "each of the material facts Plaintiffs claim[] to be undisputed are clearly disputed in Defendant's Answer[,]" Plaintiffs note that Defendant's answer admits that (1) Plaintiffs did not engage in remote work; (2) Mr. Washington received an email stating that he was being granted a religious accommodation; and (3) Plaintiffs received a notice from Defendant on May 23, 2022 stating that failure to be vaccinated would result in termination. (ECF No. 35, at 6-7) (citing ECF No. 28 ¶¶ 17, 34, 40). Such admissions of *non-material* facts, however, do not conclusively establish Defendant's liability because Defendant has denied all *material* facts alleged by Plaintiffs in relation to the elements of a religious accommodation claim. On the pleadings alone, and resolving all disputed facts in Defendant's favor, there is insufficient evidence for the court to determine that Plaintiffs are certain to prevail on Count II. Accordingly, Plaintiffs'

---

[2] The misnumbering in Plaintiffs' amended complaint is replicated in Defendant's answer, such that it contains two different answers to allegations labeled as paragraph 43. (*Compare* ECF No. 28, at 14 ¶ 43, *with id.* at 15 ¶ 43). The citation to paragraph 43 of the answer in this opinion refers to paragraph 43 on page 15.

motion for judgment on the pleadings will be denied and currently ongoing discovery will be permitted to proceed.  (*See* ECF No. 40).

**IV.  Conclusion**

For the foregoing reasons, Plaintiffs' motion for judgment on the pleadings will be denied.  A separate order will follow.

                              /s/
                        DEBORAH K. CHASANOW
                        United States District Judge